UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| SEFF ENTERPRISES & HOLDINGS, LLC and LAURIE FOISTNER<br>Plaintiffs<br><br>v.<br><br>FEDERAL DEPOSIT INSURANCE CORPORATION AS RECEIVER FOR BUTLER BANK, ROBERT CHAPMAN and ANTONIA SHELZI<br>Defendants | CIVIL ACTION NO. 13-454 |

## NOTICE OF REMOVAL

Pursuant to 12 U.S.C. § 1819(b)(2)(B) and 28 U.S.C. §§ 1331, 1441 and 1446, the Federal Deposit Insurance Corporation ("FDIC"), in its capacity as Receiver for Butler Bank ("FDIC-Receiver"), the Defendant in the above-captioned case filed in the Hillsborough County Superior Court - Northern District, with Docket No. 216-2009-CV-522 ("Hillsborough Superior Court Lawsuit"), hereby removes this case to the United States District Court for the District of New Hampshire.

As grounds for removal, the FDIC-Receiver states as follows:

The FDIC is a corporation organized under the laws of the United States and existing pursuant to an Act of Congress known as the Federal Deposit Insurance Act of 1950, as amended, 12 U.S.C. § 1811, et seq. The FDIC maintains its principal place of business in Washington, D.C.

On April 16, 2010, the Massachusetts Division of Banks closed Butler Bank in Lowell, Massachusetts and tendered to the FDIC the appointment as liquidating agent to act as Receiver. Pursuant to 12 U.S.C. § 1821(c)(2)(A), the FDIC accepted the appointment and has served in that capacity since that time.

12 U.S.C. § 1819(b)(2) provides, in pertinent part, that: (1) suits in which the FDIC is a party in any capacity are deemed to arise under the laws of the United States; (2) the FDIC may remove any action, suit or proceeding from a state court to the appropriate United States District Court; and (3) the FDIC is not required to post bond or security.

On or about September 1, 2009, the Plaintiffs filed a Complaint against Butler Bank, Robert Chapman, Antonia Shelzi and Hans Harro Hassel in Hillsborough Superior Court alleging claims arising out of Butler Bank's alleged pre-failure conduct, including conspiracy and fraud pursuant to a forged check drawn on Butler Bank. The Hillsborough Superior Court Lawsuit was administratively closed for a number of years.

After the Hillsborough Superior Court Lawsuit was re-opened, the Federal Deposit Insurance Corporation in its capacity as Receiver for Butler Bank filed a Motion to Intervene and to be Substituted in Place of Butler Bank.

On August 22, 2013, the Hillsborough Superior Court issued an Order which allowed the Motion of the Federal Deposit Insurance Corporation in its capacity as Receiver for Butler Bank to Intervene and to be Substituted in Place of Butler Bank.

The Hillsborough Superior Court Lawsuit comprises, in whole or in part, a claim for payment from, or seeks a determination of rights with respect to, claimed assets of the FDIC in its capacity as Receiver of Butler Bank.

Removal is proper and timely because, under 12 U.S.C. § 1819(b)(2)(B), FDIC-Receiver may exercise its right of removal within 90 days after substitution as a party to an affirmative claim against FDIC-Receiver. See Buczkowski v. FDIC, 415 F.3d 594, 596 (7th Cir. 2005); McDougald v. FDIC, 848 F. Supp. 1073, 1075 n.3 (D. Mass. 1994).

Pursuant to 12 U.S.C. §1819(b)(4), the FDIC is not subject to payment of any filing fees in the United States district courts. Pursuant to 28 U.S.C. § 1446(d), FDIC-Receiver is providing written notice of this removal to all parties in the Hillsborough County Superior Court Lawsuit and is filing a copy of this Notice of Removal with the Clerk of the Hillsborough County Superior Court.

Venue properly lies with this court pursuant to 28 U.S.C. §§1441(a) and 1446(a) as this action is presently pending in the Superior Court of Hillsborough County located within the District of New Hampshire.

In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served upon FDIC-Receiver in the Hillsborough County Superior Court Action that give rise to the FDIC's right of removal are attached to this Notice of Removal as the following exhibits:

A. Writ of Summons; and

B. Notice and Order dated August 22, 2013.

> Respectfully submitted,
>
> FEDERAL DEPOSIT INSURANCE CORPORATION,
> IN ITS CAPACITY AS RECEIVER FOR BUTLER BANK,
>
> By its attorney
>
> /s/ Robert A. McCall
> Robert A. McCall
> NH Bar No. 14221
> PEABODY & ARNOLD LLP
> Federal Reserve Plaza, 600 Atlantic Avenue
> Boston, MA 02210-2261
> Phone (617) 951-2100
> Fax (617) 951-2125
> rmccall@peabodyarnold.com

Dated: October 11, 2013

## CERTIFICATE OF SERVICE

I, Robert A. McCall, hereby certify that on October 11, 2013 the within Notice of Removal was served on the following parties, by causing a copy thereof to be sent via first-class mail to:

Joseph A. Foistner, Esq.
3 Galloway Road, #27
Merrimack, NH  03054

James F. Laboe, Esq.
Orr and Reno, P.A.
P.O. Box 3550
Concord, NH  03302-3550

William Aivalikles, Esq.
60 Main Street, Suite 230
Nashua, NH  03060

Robert Chapman
19505 Quesada Avenue, ii204
Port Charlotte, FL  33948

/s/ Robert A. McCall

PABOS2:RMCCALL:805951_1
15669-94708