# EXHIBIT B

# THE STATE OF NEW HAMPSHIRE
## JUDICIAL BRANCH
### SUPERIOR COURT

Hillsborough Superior Court Northern District
300 Chestnut Street
Manchester NH 03101

Telephone: (603) 669-7410
TTY/TDD Relay: (800) 735-2964
http://www.courts.state.nh.us

August 22, 2013

ROBERT A. MCCALL, ESQ
PEABODY & ARNOLD LLP
600 ATLANTIC AVENUE
BOSTON MA 02210

Case Name: **Seff Enterprises & Holdings, LLC, et al v. Butler Bank,**
Case Number: **216-2009-CV-00522**

You are hereby notified that on August 22, 2013, the following order was entered:

RE: MOTION TO AMEND COMPLAINT;
MOTION TO INTERVENE;
MOTION TO DISMISS FILED BY ROBERT CHAPMAN; and
MOTION TO DISMISS FILED BY HANS HARO HASSELL:

See copy of order attached - Garfunkel, J.

John M. Safford
Clerk of Court

(539)

C: William E Aivalikles, ESQ; Robert Chapman; Hans Harro Hassel; James F. Laboe, ESQ

NHJB-2012-DFPS (07/01/2011)

# THE STATE OF NEW HAMPSHIRE

**HILLSBOROUGH, SS.**　　　　　　　　　　　　　　　　**SUPERIOR COURT**
**NORTHERN DISTRICT**

Seff Enterprises & Holdings, LLC,
Laurie Foistner

v.

Butler Bank, et. al.

Docket No. 216-2009-CV-522

## ORDER

On June 24, 2012, the court held a hearing on the following motions: 1) the plaintiffs' motion to amend their complaint to substitute Peoples United Bank ("Peoples") for Butler Bank/FDIC; 2) the FDIC's motion to intervene and to be substituted in place of Butler Bank; and 3) Robert Chapman's and Hans Haro Hassel's motions to dismiss for lack of personal jurisdiction. The plaintiffs do not object to the FDIC's being named a party to the litigation, but contend that People's has assumed the liabilities related to the plaintiffs' lawsuit and therefore People's is the real party of interest to those liabilities, not the FDIC. After consideration of the pleadings, arguments, and applicable law, the court finds and rules as follows.

### The Plaintiffs' Motion to Amend/The FDIC's Motion to Intervene

On September 1, 2009, the plaintiffs filed the present suit, alleging the defendants conspired to defraud them of $100,000 pursuant to a forged check drawn on Butler Bank.[1] On April 16, 2010, the Massachusetts Division of Banks closed Butler

---

[1] The facts are drawn from the parties' pleadings and the record.

Bank and tendered to the FDIC the appointment as Liquidating Agent to act as Receiver. By operation of law, the FDIC as receiver succeeded to all rights, titles, powers and privileges of Butler Bank. See 12 U.S.C. §1821(d)(2).

On that same day, the FDIC sold the assets and certain designated liabilities to People's, pursuant to a written Purchase and Assumption Agreement (the "P&A"). Article II of the P&A, Assumption of Liabilities, states that the

> Assuming Institution expressly assumes at Book Value . . . all of the following liabilities of the Failed Bank as of Bank Closing, except as otherwise provided in this Agreement:
>
> . . . .
>
> (m) all asset-related offensive litigation liabilities and all asset-related defensive litigation liabilities, but only to the extent such liabilities relate to assets subject to a shared-loss agreement . . . .

(Opp'n of FDIC-Receiver t Pls.' Mot. Amend Compl. Subst. Party Ex. A at 9–10.) Neither the P&A nor the parties' submissions present a comprehensive breakdown of which of the transferred liabilities "relate to assets subject to a shared-loss agreement." (Id. at 10.) However, William Starnes, FDIC Resolution & Closings Manager, stated in an affidavit that: "[t]he instant litigation is a liability of Butler Bank which was not transferred to [People's] pursuant to written Purchase and Assumption Agreement."[2] (Starnes Aff. ¶ 5, Dec. 3, 2012.) Accordingly, the court finds the instant litigation is not among the assets or liabilities transferred to People's pursuant to the P&A.

---

[2] The plaintiffs also submitted the affidavit of Beth Berman, FDIC Asset Management Specialist, in which Ms. Berman states: "[a]mong the non loss-share of assets of Butler Bank which the FDIC sold to PEOPLE'S, under the terms of the P&A Agreement, was a charge-off made by Butler Bank prior to its failure which related to a deficiency on a construction mortgage loan Butler Bank had made to [Seff], which deficiency is at issue in the captioned litigation." (Berman Aff. ¶ 5, Dec. 9, 2010.) However, the captioned litigation referred to in the Berman Affidavit was a suit brought by Butler Bank in the Superior Court of Lowell, Massachusetts against Antonia Shelzi and Laurie Foistner to recover the deficiency on a defaulted loan. The instant litigation involves a suit by Seff Enterprises against Butler Bank for, inter alia, conspiracy and fraud. Accordingly, the Berman affidavit has no bearing on the court's analysis.

Moreover, Article IX of the P&A states that the FDIC-Receiver "shall have the right, in its discretion, to . . . defend or settle any claim or suit against [People's] with respect to any Liability Assumed . . . ." (Opp'n of FDIC-Receiver t Pls.' Mot. Amend Compl. Subst. Party Ex. A at 31.) Therefore, even if the FDIC transferred the instant litigation to People's, and People's assumed that liability, the P&A grants the FDIC the authority to defend or settle the claim in its discretion.

Finally, the plaintiffs argue New Hampshire law governs the interpretation of the retention of liabilities by FDIC-Receiver pursuant to the P&A. The plaintiffs cite Barnsley v. Empire Mortgage LP, 142 N.H. 721 (1998), in which the New Hampshire Supreme Court held that a plaintiff seeking to enjoin foreclosure was entitled to whatever claims or defenses existed prior to a bank's failure. Here, the plaintiffs are not seeking to enjoin foreclosure. Rather, they have brought claims against Butler Bank arising out of the Bank's alleged pre-failure conduct. The Barnsley case is therefore not instructive as to the FDIC's right to convey assets to a third party and retain certain liabilities.

Accordingly, the court finds the FDIC now "stands in the shoes" of Butler Bank for purposes of the claims asserted against Butler Bank by the plaintiffs. See O'Melveny & Myers v. FDIC, 512 U.S. 79 (1994). Therefore, the FDIC's motion to intervene and be substituted for Butler Bank is GRANTED. The plaintiffs' motion to substitute People's is DENIED.

## Defendants' Motions to Dismiss

In separate motions, defendants Robert Chapman and Hans Hassel have moved to dismiss the plaintiffs' claims against them for lack of personal jurisdiction. Plaintiffs

do not dispute service on Chapman and Hassel was ineffective, but requests the court issue new orders of notice so that the defendants can be properly served.

"Proper service of process is a necessary prerequisite to obtaining jurisdiction over an out-of-state defendant." South Down Recreation Assoc. v. Moran, 141 N.H. 484, 486 (1996). However, this is not the only way in which the personal jurisdiction of the court may arise. "The actions of the defendant amount to a legal submission to the jurisdiction of the court, whether voluntary or not." Insurance Corp. v. Compagnie des Bauxites, 456 U.S. 694, 704-05 (1982). "Because the requirement of personal jurisdiction represents . . . an individual right [flowing from the Due Process Clause], it can, like other such rights, be waived." Id. at 703. Thus, a defendant may consent or submit to the jurisdiction of a court which otherwise would not have jurisdiction over it. See Barton v. Hayes, 141 N.H. 118 (1996) (defendant waived personal jurisdiction when she made a general appearance by moving to strike default); Lachapelle v. Town of Goffstown, 134 N.H. 478 (1991) (filing a motion for late entry of appearance and motion to strike default is a voluntary submission to the jurisdiction of the court).

On October 1, 2009, Attorneys Stephen Duggan and Karyn Forbes filed general appearances on behalf of Mr. Chapman. Although Attorneys Duggan and Forbes later withdrew as Mr. Chapman's counsel, Mr. Chapman filed a pro se appearance on his own behalf on June 7, 2013. By these filings, Mr. Chapman has voluntarily submitted himself to the jurisdiction of this court and has waived any challenges to personal jurisdiction. Accordingly, no further action by the plaintiffs is necessary to invoke the personal jurisdiction of the court over Mr. Chapman. Mr. Chapman's motion to dismiss is DENIED.

Conversely, no appearances have been filed on behalf of Mr. Hassel. At the June 24, 2013 hearing, the plaintiffs asserted that Attorney Lisa Snow-Wade of Orr & Reno appeared on behalf of Mr. Hassel at a November 14, 2012 structuring conference. However, although the above-captioned case was scheduled for a structuring conference on that day, the parties at that conference exclusively discussed a related docket, Foistner et al v Orr & Reno et al, 216-2008-CV-083, to which Mr. Hassel is not a party. When the court asked the parties who was representing Mr. Hassel in the above-captioned case, the following exchange occurred:

> Attorney Aivalikles: I believe your honor, he's pro se, but I say that with reluctance because I think Attorney Laboe may have been there for him at the deposition, so maybe Orr & Reno can answer that question better than I—
>
> Attorney Snow-Wade: —Wrong Docket—
>
> Attorney Aivalikles: —But I believe he was pro se at one point, your Honor.

(Audio of Structuring Conference, Foistner et. Al. v Orr & Reno et. al., November 14, 2012 at 9:45:22.) As evidenced by this exchange, neither Attorney Snow-Wade nor any other attorney made an appearance on Mr. Hassel's behalf at the November 14, 2012 structuring conference. At the June 24, 2013 hearing, Mr. Hassel was present for the purpose of contesting personal jurisdiction. Therefore, Mr. Hassel has not submitted himself to the jurisdiction of the court. Mr. Hassel's motion to dismiss is GRANTED.

**SO ORDERED.**

Date: 8/22/13

David A. Garfunkel
Presiding Justice

5